UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLISON N. RANDAL,<br><br>              Plaintiff,<br><br>   v.<br><br>XPO LOGISTICS, INC., et al.,<br><br>              Defendants. | CASE NO. C18-6002 BHS<br><br>ORDER DENYING MOTION FOR JURY TRIAL |

This matter comes before the Court on Plaintiff Allison Randal ("Randal") and Defendants XPO Logistics, Inc. and Michael Michelena's ("XPO Defendants") motion for jury trial. Dkt. 34. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On December 7, 2018, Randal filed a complaint against XPO Defendants, Defendants Tillamook County Creamery Association and Ray Naegeli ("Tillamook Defendants"), and various Doe entities and individuals. Dkt. 1. Randal did not request a jury trial. *Id.* On January 16, 2019, the Tillamook Defendants answered and did not request a jury trial. Dkt. 15. On February 21, 2019, the XPO Defendants answered and did not request a jury trial. Dkt. 19.

ORDER - 1

| | |
|---|---|
| 1 | On April 25, 2019, the Clerk issued a scheduling order setting the matter for a |
| 2 | bench trial.  Dkt. 24. |
| 3 | On June 20, 2019, Randal and the XPO Defendants moved for a jury trial.  Dkt. |
| 4 | 34.  On June 26, 2019, the Tillamook Defendants responded in opposition.  Dkt. 36.  On |
| 5 | June 28, 2019, Randal and the XPO Defendants replied.  Dkt. 37. |

## II.  DISCUSSION

It is undisputed that the parties failed to timely file a demand for a jury trial.  Dkt. 34 at 3 ("The parties concede that they did not seek a jury trial within the fourteen days as provided by Rule 38(b).").  Failure to file within the time provided constitutes a waiver of the right to trial by jury.  Fed. R. Civ. P. 38(d).  Despite the waiver, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."  Fed. R. Civ. P. 39(b).  The Court's discretion, however, is narrow "and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence."  *Blau v. Del Monte Corp.*, 748 F.2d 1348 (9th Cir.1985), *abrogation on other grounds recognized by Dytrt v. Mountain State Tel. & Tel. Co.*, 921 F.2d 889, 894 n.4 (9th Cir.1990) (citing *Lewis v. Time, Inc.*, 710 F.2d 549, 556–57 (9th Cir. 1983)). "An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown."  *Pacific Fisheries Corp. v. HIH Cas. & General Ins., Ltd.*, 239 F.3d 1000, 1003 (9th Cir. 2001).

In this case, Randal and the XPO Defendants fail to show that their failure to timely file a jury demand was anything more than oversight or inadvertence.  Thus, under *Blau*, the Court must deny the motion.  However, Randal and the XPO Defendants argue

that *Blau* is not binding precedent and argue that the Court should follow *Pradier v. Elespuru*, 641 F.2d 808 (9th Cir. 1981), which holds that "courts should indulge every reasonable presumption against waiver." *Id.* at 811. They are incorrect on both issues. First, the Ninth Circuit has repeatedly cited *Blau* in published opinions as the standard for timely filing a jury demand. *See, e.g.*, *Kletzelman v. Capistrano Unified Sch. Dist.*, 91 F.3d 68, 71 (9th Cir. 1996).

Second, in *Pradier*, the court addressed the issue of the location of the jury demand within the operative pleading and not whether a jury demand was included. 641 F.2d at 808 ("Plaintiff requested a jury trial in the first and last sentences of the body of his complaint, but did not include the words 'Demand for Jury Trial' or their equivalent in the caption."). The location of a demand is factually and legally distinguishable from the mere inadvertence to include a demand. As such, Randal and the XPO Defendants' arguments are without merit.

### III. ORDER

Therefore, it is hereby **ORDERED** that Randal and the XPO Defendants' motion for jury trial, Dkt. 34, is **DENIED**.

Dated this 16th day of July, 2019.

BENJAMIN H. SETTLE
United States District Judge