*Exhibit A*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| ALLISON N. RANDAL, an individual, | NO. 3:18-cv-6002 BHS |
| Plaintiff, | **PLAINTIFF'S PRETRIAL STATEMENT** |
| v. | TRIAL DATE: OCTOBER 20, 2020 |
| XPO LOGISTICS, INC., a Delaware corporation conducting business in the State of Washington; MICHAEL D. MICHELENA, an individual employed by XPO LOGISTICS, INC. | |
| Defendants. | |

## I. FEDERAL JURISDICTION

Pursuant to 28 U.S.C. §1332(a)(1), this Court has diversity jurisdiction because Plaintiff does not share a state of citizenship with the Defendants. This Court also has jurisdiction based on the amount in controversy, which exceeds $75,000. Venue is proper in the Western District of Washington, pursuant to 28 U.S.C. §1391(b)(2) and (c)(2), because a substantial part of the events or omission giving rise to the claims herein occurred in Lewis County and Defendants are subject to this court's personal jurisdiction with respect to the civil action in question.

PLAINTIFF'S PRETRIAL STATEMENT – Page 1

## II. CLAIMS AND DEFENSES

Plaintiff Allison Randal pursues personal injury claims against Defendants for her ongoing serious and permanent injuries, primarily to her left heel. Plaintiff is seeking non-economic and economic damages for her injuries and any other damages allowed by the Court, including emotional distress, past and future loss of earning capacity, life care plan costs, and other damages. Defendants have admitted liability for the subject crash. Defendants further admit causing the injuries and damages proximately caused by the subject crash. Defendants contest the nature and extent of Plaintiff's injuries.

## III. STATEMENT OF ADMITTED FACTS

The following facts are admitted by the parties:

1.      Plaintiff is female, 45 years old, and currently resides in New York.

2.      XPO Logistics, Inc., is a corporation headquartered in Delaware that does business in Washington state and throughout the country.

3.      On or about December 23, 2015, at approximately 10:25 a.m., Plaintiff was driving southbound I-5, near mile marker 84, in Centralia, Lewis County, Washington.

4.      Defendant Michelena was driving a tractor trailer in the same lane, two vehicles behind Plaintiff.

5.      Defendant Michelena's truck rear ended a truck behind Plaintiff's vehicle, thereby causing the subject collision.

6.      Defendant Michelena was working on behalf of XPO Logistics, Inc. at the time of the crash.

7.      Defendants admit liability for the subject crash.

**WASHINGTON INJURY LAWYERS, PLLC**
1001 Fourth Avenue, Suite 3200
Seattle, Washington 98154
Phone: (425) 312-3057 | Fax: (206) 866-0208

1    8.      Defendants admit causing the injuries and damages proximately caused by the

2  subject crash.

3    9.      Defendants contest the nature and extent of Plaintiff's injuries.

4    10.     Defendants have asserted no affirmative defenses.

5    11.     Defendants admit no act of Plaintiff contributed to causing the wreck.

6                    **IV. ISSUES OF LAW AND FACT**

7       The parties submit the following issues of fact:

8    a.  What amount of non-economic damages is Plaintiff entitled to due to her crash-related

9        injuries?

10   b.  What about of economic damages is Plaintiff entitled to due to her crash-related

11       injuries?

12      No issues of law are before the Court.

13                        **V. WITNESSES**

14  **A.      On behalf of Plaintiff**

15  <u>**Lay Witnesses**</u>

16  1.    **Allison N. Randal** (will testify live), c/o Washington Injury Lawyers, PLLC. Ms.

17  Randal is the Plaintiff and will testify regarding the subject collision, her injuries, and

18  damages, including but not limited to damage to her professional career, her relationships, and

19  her ongoing physical and emotional pain and suffering.

20  2.    **Michael D. Michelena** (deposition testimony may be submitted in lieu of live

21  testimony), c/o Merrick, Hofstedt & Lindsey, P.S., and Lewis Brisbois Bisgaard & Smith,

22  LLP. Mr. Michelena is the Defendant Driver and was working on behalf of Defendant XPO

23

**WASHINGTON INJURY LAWYERS, PLLC**
1001 Fourth Avenue, Suite 3200
Seattle, Washington 98154
Phone: (425) 312-3057 | Fax: (206) 866-0208

Logistics, Inc. at the time of the subject crash. He may be called to testify regarding the subject collision and the surrounding circumstances.

3. **Martin "Max" Randal** (will testify live or via live video), 10609 171st Ct NE, Redmond, WA 98052. Mr. Martin "Max" Randal is Plaintiff's son. He was Ms. Randal's front-seat passenger in the subject collision. He may be called to testify regarding the subject crash, Plaintiff's physical and emotional condition before the subject crash, Plaintiff's injuries and damages arising from the subject crash, as well as how the injuries and damages continue to affect her life and their relationship.

4. **Jeffrey Martin** (will testify live), Seattle, Washington. Mr. Jeffrey Martin is Plaintiff's brother. He may be called to testify regarding Plaintiff's physical and emotional condition before the subject crash, Plaintiff's injuries and damages arising from the subject crash, as well as how the injuries and damages continue to affect her life.

5. **Stefano Rivera** (will testify live or via live video), 40 Alta St., Apt. 3, San Francisco, CA 94133-3527. Mr. Stefano Rivera was Plaintiff's boyfriend at the time of the subject crash. He may be called to testify regarding his Plaintiff's physical and emotional condition before the subject crash, Plaintiff's injuries and damages arising from the subject crash, how their relationship was affected due to the crash, how Plaintiff's injuries and damages arising from the subject crash affected her professional career, as well as how the injuries and damages continue to affect her life.

6. **Matthew Treinish** (will testify live or via live video), 14 Dartantra Drive, Hopewell Junction, New York 12533. Mr. Matthew Treinish is Plaintiff's boyfriend and currently resides with her. He may be called to testify regarding his knowledge of Plaintiff's injuries and damages, as well as how the injuries and damages affect her life.

PLAINTIFF'S PRETRIAL STATEMENT – Page 4

6.  **Michael E. Brage, MD** (will testify by perpetuation deposition), Orthopedic Foot and Ankle Surgeon, Sigvard T. Hansen Foot and Ankle Institute, Harborview Medical Center, 325 Ninth Avenue, Box 359798, Seattle, Washington 98104-2499. Dr. Brage treated Plaintiff following her subject collision at Harborview Medical Center and performed two surgeries on her left calcaneus and has treated her for ongoing pain complaints. Dr. Brage will testify to Plaintiff's injuries and their permanency, the past treatment he rendered, and provide opinions on future treatment and prognosis, on a more probable than not basis.

**Expert Witnesses**

1.  **Michael E. Brage, MD** (will testify by perpetuation deposition), Orthopedic Foot and Ankle Surgeon, Sigvard T. Hansen Foot and Ankle Institute, Harborview Medical Center, 325 Ninth Avenue, Box 359798, Seattle, Washington 98104-2499, Phone: (206) 744-5707. Dr. Brage treated Plaintiff following her subject collision at Harborview Medical Center and performed two surgeries on her left calcaneus and has treated her for ongoing pain complaints. Dr. Brage will testify to Plaintiff's injuries and their permanency, the past treatment he rendered, and provide opinions on future treatment and prognosis, on a more probable than not basis. Dr. Brage is Plaintiff's treating provider, but is a hybrid expert who is also providing opinions on future care and treatment on a more probable that not basis. Dr. Brage, therefore, is also being designated as an expert witness, pursuant to FRCP 26(2)(B).

2.  **Gary Schuster, MD** (will testify live), Broadway Sports & Internal Medicine, 1600 116th Avenue Northeast, Suite 202, Bellevue, WA 98004. Dr. Schuster will testify to Plaintiff's injuries and treatment arising from the subject collision, permanency of injuries, future treatment and prognosis, and Plaintiff's life care plan on a more probable than not basis.

PLAINTIFF'S PRETRIAL STATEMENT – Page 5

3.      **John R. Cary, MA, CRC, CDMS, VRC** (will testify live), OSC Vocational Systems, Inc., 601 SW 152nd Street, Burien, WA 98166. Mr. Cary will testify to his opinions regarding Plaintiff's life care plan and past and future reduced earning capacity on a more probable than not basis.

4.      **William Brandt** (will testify live), Brandt Forensic Economics, PO Box 10187, Bainbridge Island, WA 98110. Mr. Brandt will testify to his opinions regarding Plaintiff's economic losses in present-day value, specifically Plaintiff's life care plan, future medical costs and treatment, and past and future reduced earning capacity on a more probable than not basis.

## VI.      TRIAL EXHIBITS

### A.  Plaintiff's Exhibits.

Plaintiff reserves the right to rely upon any admitted exhibits of Defendants at trial.

Plaintiff has no exhibits to produce at this time and reserves the right to admit exhibits at trial.

## VII. DEPOSITION TRANSCRIPTS

### A.  Plaintiff's Deposition Transcripts

| WITNESS | PAGES | DATE |
|---------|-------|------|
| Michael D. Michelena | TBD | January 21, 2020 |

Dated this 28th day of August, 2020.

**WASHINGTON INJURY LAWYERS, PLLC**

*/s/ Young-Ji Ham*

By: _____
Young-Ji Ham, WSBA #46421
Jenna M. Labourr, WSBA #44555
*Attorneys for Plaintiff Allison N. Randal*

**WASHINGTON INJURY LAWYERS, PLLC**
1001 Fourth Avenue, Suite 3200
Seattle, Washington 98154
Phone: (425) 312-3057 | Fax: (206) 866-0208

Address:
Washington Injury Lawyers, PLLC
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
Phone: (425) 312-3057
Fax: (206) 866-0208
Email: jenna@washinjurylaw.com
Email: youngji@washinjurylaw.com

# DECLARATION OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now, and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date set forth below, I caused to be served in the manner indicated a copy of the foregoing **PLAINTIFF'S PRETRIAL STATEMENT** to the parties identified below.

| | |
|---|---|
| Thomas J. Collins, WSBA # 2157<br>Peter Nierman, WSBA # 44636<br>Christopher A. Campbell, WSBA # 50959<br>**MERRICK, HOFSTEDT & LINDSEY, P.S.**<br>3101 Western Avenue, Suite 200<br>Seattle, WA 98121<br>Phone: (206) 682-0610<br>E-mails: tcollins@mhlseattle.com; Pnierman@mhlseattle.com; ccampbell@mhlseattle.com; mlynge@mhlseattle.com;<br>***Counsel for Defendant's XPO LOGISTICS, INC., and MICHAEL D. MICHELENA*** | (x) Via E-mail Service |
| Heather M. Jensen, WSBA # 29635<br>**Lewis Brisbois Bisgaard & Smith, LLP**<br>1111 Third Avenue, Suite 2700<br>Seattle, WA 98101<br>Phone: (206) 436-2020<br>E-mail: Heather.Jensen@lewisbrisbois.com; Logan.Platvoet@lewisbrisbois.com;<br>***Counsel for Defendant's XPO LOGISTICS, INC., and MICHAEL D. MICHELENA*** | (x) Via E-mail Service |
| Shawn A. Toliver, CABA # 148349<br>**Lewis Brisbois Bisgaard & Smith, LLP**<br>2185 N. California Boulevard, Suite 300<br>Walnut Creek, CA 94596<br>Phone: (925) 357-3456<br>E-mail: Shawn.Toliver@lewisbrisbois.com; Connie.Costanza@lewisbrisbois.com;<br>***Counsel for Defendant's XPO LOGISTICS, INC., and MICHAEL D. MICHELENA*** | (x) Via E-mail Service |

**WASHINGTON INJURY LAWYERS, PLLC**
1001 Fourth Avenue, Suite 3200
Seattle, Washington 98154
Phone: (425) 312-3057 | Fax: (206) 866-0208

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED this 28th day of August, 2020, at Sequim, Washington.

/s/ Michael Coonelly

_____

Michael Coonelly
*Paralegal to Young-Ji Ham*

**WASHINGTON INJURY LAWYERS, PLLC**
1001 Fourth Avenue, Suite 3200
Seattle, Washington 98154
Phone: (425) 312-3057 | Fax: (206) 866-0208

# *Exhibit B*

1

**The Honorable Judge Benjamin H. Settle**

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
7                              AT TACOMA

8   ALLISON N. RANDAL, an individual,            )   NO.  3:18-cv-6002 BHS
                                                 )
9                          Plaintiff,            )   **[PROPOSED]**
                                                 )   **PRETRIAL ORDER**
10         v.                                    )
                                                 )
11  XPO LOGISTICS, INC., a Delaware              )   *TRIAL DATE: OCTOBER 20, 2020*
    corporation conducting business in the State of )
12  Washington; MICHAEL D. MICHELENA, an        )
    individual employed by XPO LOGISTICS,        )
13  INC.; TILLAMOOK COUNTY CREAMERY             )
    ASSOCIATION, an Oregon corporation           )
14  conducting business in the State of          )
    Washington; RAY A. NAEGELI, an individual    )
15  employed by  TILLAMOOK COUNTY              )
    CREAMERY ASSOCIATION; J. DOE                )
16  CORPORATIONS AND/OR ENTITIES 1-5;           )
    and DOE 1-5, individuals,                     )
17                                               )
    _____Defendants.  )

18                             **JURISDICTION**

19        Jurisdiction is vested in this court by virtue of: Pursuant to 28 U.S.C. §1332(a)(1), this

20  Court has diversity jurisdiction because Plaintiff does not share a state of citizenship with the

21  Defendants.  This Court also has jurisdiction based on the amount in controversy, which exceeds

22  $75,000.  Venue is proper in the Western District of Washington, pursuant to 28 U.S.C.

23  §1391(b)(2) and (c)(2), because a substantial part of the events or omission giving rise to the claims

24

25  herein occurred in Lewis County and Defendants are subject to this Court's personal jurisdiction

26

[PROPOSED] PRETRIAL ORDER - 1
NO.  3:18-cv-6002 BHS

with respect to the civil action in question.

## CLAIMS AND DEFENSES

The Plaintiff will pursue at trial the following claims: Personal injury claims against Defendants for her ongoing injuries, primarily to her left heel. Plaintiff is seeking non-economic and economic damages for her injuries, including emotional distress, past and future loss of earning capacity, life care plan costs, and future medical expenses and treatment. Defendants have admitted liability for the subject crash. Defendants further admit causing the injuries and damages proximately caused by the subject crash.

Defendants will pursue the following defenses:  Defendants contest the nature and extent of Plaintiff's injuries and damages. Defendants also assert that Plaintiff failed to mitigate her alleged economic damages for lost wages and loss of earning capacity.

## ADMITTED FACTS

The following facts are admitted by the parties:

1. Plaintiff is female, 45-years old, and currently resides in New York.

2. XPO Logistics, Inc., is a corporation headquartered in Delaware that does business in Washington state and throughout the United States.

3. On or about December 23, 2015, at approximately 10:25 a.m., Plaintiff was driving southbound on I-5, near mile marker 84, in Centralia Lewis County, Washington.

4. Defendant Michael Michelena ("Michelena") was driving a tractor trailer in the same lane, two vehicles behind Plaintiff.

5. Defendant Michelena's truck rear-ended a truck behind Plaintiff's vehicle, thereby causing the subject collision.

[PROPOSED] PRETRIAL ORDER - 2
NO.  3:18-cv-6002 BHS

6.      Defendant Michelena was working on behalf of XPO Logistics, Inc. at the time of the crash.

7.      Defendants admit liability for the subject crash.

8.      Defendants admit causing the injuries and damages proximately caused by the subject crash.

9.      Defendants contest the nature and extent of Plaintiff's injuries and damages.

10.     Defendants have asserted no affirmative defenses. (Defendants object to this "fact.")

## ISSUES OF LAW AND FACT (Bench Trial)

A.      Plaintiff proposes the following issues of fact:

1       What amount of non-economic damages is Plaintiff entitled to due to her crash-related injuries?

2.      What amount of economic damages is Plaintiff entitled to due to her crash-related injuries?

Plaintiff states that there are no issues of law before the Court. (Defendants dispute this statement as Defendants' motions in limine have been denied, without prejudice to Defendants' renewing them at trial.)

B.      Defendants propose the following statement of issues of fact:

a.      Is the future medical treatment proposed for Plaintiff's left heel injury a medical necessity?

b.      What is the amount of reasonable non-economic damages to which Plaintiff is entitled, if any?

[PROPOSED] PRETRIAL ORDER - 3
NO.  3:18-cv-6002 BHS

c.     What is the extent of Plaintiff's past lost wage claim and whether Plaintiff will lose any future income because of this injury?

d.     What is the extent of Plaintiff's lost earning capacity because of this injury?

Defendants seek to have the following issues of law adjudicated by the Court:

1.     Defendants' motions in limine were preliminarily denied by the Court without prejudice to Defendants renewing them at time of trial. Defendants are not waiving their right to reassert their motions in limine.

## **EXPERT WITNESSES**

(a)     Defendants request, pursuant to LCR 43(j), that Plaintiff be limited to one medical expert witness, either Dr. Michael Brage, or Dr. Gary Schuster, to testify regarding Plaintiff's injuries and treatment arising from the subject accident, permanency of her injuries, and her future treatment and prognosis.

(b)     The name(s) and addresses of the expert witness(es) to be used by each party at the trial and the issue upon which each will testify is:

(1)     On behalf of plaintiff:

(i)     Michael E. Brage, MD (will testify via perpetuation deposition), Orthopedic Foot and Ankle Surgeon, Sigvard T. Hansen Foot and Ankle Institute, Harborview Medical Center, 325 Ninth Avenue, Box 359798, Seattle, Washington 98104-2499, Phone: (206) 744-5707. Dr. Brage treated Plaintiff following her subject collision at Harborview Medical Center and performed two surgeries on her left calcaneus and has treated her for ongoing pain complaints. Dr. Brage will testify to Plaintiff's injuries and their permanency, the past treatment he rendered, and provide opinions on future treatment and prognosis, on a more probable than not basis.

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON  98121
(206) 682-0610

1

2

(ii)     Gary Schuster, MD (will testify via Zoom, unless the Court orders otherwise, in

light of COVID-19 and Emergency Orders in effect at the time of trial), Broadway Sports &

Internal Medicine, 1600 116th Avenue Northeast, Suite 202, Bellevue, WA 98004. Dr. Schuster

is a forensic medical expert and will testify to Plaintiff's injuries and treatment (other than provided

by Dr. Brage) arising from the subject collision, permanency of injuries, future treatment and

prognosis, permanent physical restrictions, the effect of injuries on ability to work, and Plaintiff's

life care plan (including future treatment and prognosis) on a more probable than not basis.

(Defendants object to Plaintiff's attempts to revise Dr. Schuster's disclosure from that contained

in Plaintiff's Pretrial Statement served August 28, 2020 which stated:  "Dr. Schuster will testify to

Plaintiff's injuries and treatment arising from the subject collision, permanency of injuries, future

treatment and prognosis and Plaintiff's life care plan on a more probable than not basis."

(iii)    John R. Cary, MA, CRC, CDMS, VRC (will testify via Zoom, unless the Court

orders otherwise, in light of COVID-19 and Emergency Orders in effect at the time of trial), OSC

Vocational Systems, Inc., 601 SW 152nd Street, Burien, WA 98166. Mr. Cary will testify to his

opinions regarding Plaintiff's life care plan and past and future reduced earning capacity on a more

probable than not basis.

(iv)    William Brandt (will testify via Zoom, unless the Court orders otherwise, in light

of COVID-19 and Emergency Orders in effect at the time of trial), Brandt Forensic Economics,

PO Box 10187, Bainbridge Island, WA 98110. Mr. Brandt will testify to his opinions regarding

Plaintiff's economic losses in present-day value, specifically Plaintiff's life care plan, future

medical costs and treatment, and past and future reduced earning capacity, on a more probable

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON  98121
(206) 682-0610

than not basis.

(2)     On behalf of defendants:

(i)     Defendants will not be calling any of their own have not disclosed any

expert witnesses. Defendants are not waiving their right to re-assert the objections contained in

their motions in limine regarding Plaintiff's expert witnesses, which motions the Court previously

denied, but without prejudice to Defendants' right to make the same objections contained in the

motions in limine at trial.

## OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party

at the time of trial and the general nature of the testimony of each are:

(a)     On behalf of plaintiff:

(i)     Allison N. Randal (will testify via Zoom, unless the Court orders otherwise, in light

of COVID-19 and Emergency Orders in effect at the time of trial), c/o Washington Injury Lawyers,

PLLC. Ms. Randal is the Plaintiff and will testify regarding the subject collision, her injuries, and

damages, including but not limited to damage to her professional career, her relationships, and her

ongoing physical and emotional pain and suffering.

(ii)     Michael D. Michelena (via video deposition testimony in lieu of live testimony),

c/o Merrick, Hofstedt & Lindsey, P.S., and Lewis Brisbois Bisgaard & Smith, LLP. Mr. Michelena

is the Defendant Driver and was working on behalf of Defendant XPO Logistics, Inc. at the time

of the subject crash. His deposition transcript will be admitted in lieu of live testimony, which will

discuss the subject collision and the surrounding circumstances.

(iii)     Martin "Max" Randal (will testify via Zoom, unless the Court orders otherwise, in

[PROPOSED] PRETRIAL ORDER - 6
NO.  3:18-cv-6002 BHS

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON  98121
(206) 682-0610

light of COVID-19 and Emergency Orders in effect at the time of trial), 10609 171st Ct NE, Redmond, WA 98052. Mr. Martin "Max" Randal is Plaintiff's son. He was the front-seat passenger in the subject collision. He may be called to testify regarding the subject crash, Plaintiff's physical and emotional condition before the subject crash, Plaintiff's injuries and damages arising from the subject crash, as well as how the injuries and damages continue to affect her life and their relationship.

(iv)    Jeffrey Martin (will testify via Zoom, unless the Court orders otherwise, in light of COVID-19 and Emergency Orders in effect at the time of trial), 2208 16th Ave S, Seattle, Washington. Mr. Jeffrey Martin is Plaintiff's brother. He may be called to testify regarding Plaintiff's physical and emotional condition before the subject crash, Plaintiff's injuries and damages arising from the subject crash, as well as how the injuries and damages continue to affect her life.

(v)    Stefano Rivera (will testify via Zoom, unless the Court orders otherwise, in light of COVID-19 and Emergency Orders in effect at the time of trial), 40 Alta St., Apt. 3, San Francisco, CA 94133-3527. Mr. Stefano Rivera was Plaintiff's boyfriend at the time of the subject crash. He may be called to testify regarding his Plaintiff's physical and emotional condition before the subject crash, Plaintiff's injuries and damages arising from the subject crash, and how their relationship was affected due to the crash.

(vi)    Matthew Treinish (will testify via Zoom, unless the Court orders otherwise, in light of COVID-19 and Emergency Orders in effect at the time of trial), 14 Dartantra Drive, Hopewell Junction, New York 12533. Mr. Matthew Treinish is Plaintiff's boyfriend and currently resides with her. He may be called to testify regarding his knowledge of Plaintiff's injuries and damages,

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON  98121
(206) 682-0610

1    as well as how the injuries and damages affect her life.

2        (vii)    Michael E. Brage, MD (will testify by perpetuation deposition), Orthopedic Foot

3    and Ankle Surgeon, Sigvard T. Hansen Foot and Ankle Institute, Harborview Medical Center, 325

4    Ninth Avenue, Box 359798, Seattle, Washington 98104-2499. Dr. Brage treated Plaintiff

5    following her subject collision at Harborview Medical Center and performed two surgeries on her

6    left calcaneus and has treated her for ongoing pain complaints. Dr. Brage will testify to Plaintiff's

7    injuries and their permanency, the past treatment he rendered, and provide opinions on future

8    treatment and prognosis, on a more probable than not basis.

9        (b)    On behalf of Defendants:

10       (i)    Defendants will not be calling any of their own lay witnesses. Defendants are not

11   waiving their right to re-assert the objections contained in their motions in limine regarding

12   plaintiff's lay witnesses, which motions the Court previously denied, but without prejudice to

13   Defendants' right to make the same objections contained in the motions in limine at trial.

14   Defendants also reserve their right to call rebuttal and/or impeachment witnesses, including any

15   witnesses listed herein by plaintiff.

## EXHIBITS

| Plaintiff's Exhibits | | | | |
|---|---|---|---|---|
| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
| #1 | Illustration of Plaintiff's Keynote Travel (demonstrative) | Disputed | Disputed | D. F, N, 602, 1006 | |
| #2 | John Cary LCP (demonstrative) | Disputed | Disputed | N, 802, 702, 703, 403 | |
| #3 | William Brandt's Economic Analysis (demonstrative) | Disputed | Disputed | N, 802, 702, 703, 403 | |

[PROPOSED] PRETRIAL ORDER - 8
NO.  3:18-cv-6002 BHS

| #4 | Illustration of Mechanism of Event (demonstrative) | Disputed | Disputed | D E, F, N, 402, 403, 602, | |
|---|---|---|---|---|---|
| #5 | Photographs of Trips with Martin "Max" Randal (demonstrative) | Disputed | Disputed | D, N, 402, 403, | |
| #6 | Illustration of Mechanism of Injury (demonstrative) | Disputed | Disputed | D. E, F, N, 402, 403, 602, | |
| #7 | Illustration of Plaintiff's Family Tree (demonstrative) | Disputed | Disputed | D, N, 402, 403, | |
| #8 | Photographs of Plaintiff from Mt. St. Helens, Sudan and Australia (demonstrative) | Disputed | Disputed | D, N, 402, 403, | |
| #9 | Photograph of Plaintiff's TENS Unit (demonstrative) | Disputed | Disputed | D, N, 402, 403, | |
| #10 | Photographs of Plaintiff's Family (demonstrative) | Disputed | Disputed | D, N, 402, 403, | |
| #11 | YouTube Clips of Plaintiff's Keynotes Prior to and After Subject Collision (https://www.youtube.com/watch?v=L6bL8WM6V9Y&t=7s; https://www.youtube.com/watch?v=qBUC03U3Zqw&t=13s; https://www.youtube.com/watch?v=cT1IAbdJ5ys&t=4s) | Stipulated | Stipulated | | |

The Parties' Objection Code:

| D | Not produced during discovery |
|---|---|
| E | Calls for expert testimony, no expert disclosed |
| F | Lack of foundation |
| N | Not disclosed in Plaintiff's initial Pretrial Statement |

**B. Defendants' Exhibits**

Defendants have not disclosed any exhibits and reserve the right to rely upon any admitted exhibits of Plaintiff at trial and to introduce exhibits for rebuttal and/or impeachment purposes, as appropriate.

**ACTION BY THE COURT**

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON  98121
(206) 682-0610

(a)     This case is scheduled for trial without a jury on October 20, 2020 at 9:00 a.m.;

(b)     Trial briefs shall be submitted to the Court on or before September 29, 2020;

(c)     The Court shall review Plaintiff's deposition designation on September 29, 2020 of Defendant Michelena with Defendants' objections and Plaintiff's counter-objections prior to trial so Plaintiff may properly prepare Defendant Michelena's deposition video for trial. ~~Defendants object to Plaintiff's deposition designations being allowed as they are untimely and not in compliance with the provisions of LCR 32.~~

(c)     Defendants request, pursuant to LCR 43(j), that, ~~before~~ at the Pre-Trial Conference, the Court require Plaintiff to select one medical expert witness, either Dr. Michael Brage, or Dr. Gary Schuster, to testify regarding Plaintiff's injuries and treatment arising from the subject accident, permanency of her injuries, and her future treatment and prognosis. Plaintiff objects to this request as the Court already ruled on Defendants' Motion *In Limine* regarding Plaintiff's use of expert witnesses, in which the Court made clear such objections must be made at the time of trial. ~~.~~

Defendants' response:  This is the eve of trial as it is less than 30 days away, and for judicial efficiency it makes sense that the Court should order Plaintiff at the PreTrial Conference, to select which of her the two medical experts, either Dr. Brage or Dr. Schuster, will testify regarding these issues at trial so that the parties can appropriately prepare for trial.  LCR 43(j) specifically requires that the election be made and does not state that it must be made after the trial begins.

(e)     Defendants request that the Court order that Defendants will have at least one (1) hour to cross-examine Dr. Brage during his perpetuation deposition currently set for October 15, 2020 at 4:00 p.m. Plaintiff objects to this request. Defendants are attempting to turn a perpetuation

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON  98121
(206) 682-0610

deposition into a discovery deposition, which they never completed during the course of discovery. Dr. Brage's perpetuation deposition is scheduled for two hours, which is more than sufficient for both parties to question him.

Defendants' response:  Dr. Brage's perpetuation testimony is not a deposition, it is his trial testimony.  Defendants have the right to question him for an appropriate period of time such that they can conduct a complete cross-examination of him.  Defendants would have the opportunity to do so if Dr. Brage appeared at trial, so if Plaintiff is not willing to confirm that Defendants will have at least one hour to cross-examine Dr. Brage during his perpetuation deposition, then Defendants request that the Court order Dr. Brage to appear at trial during the stated trial October 20-22, 2020 and provide his testimony via Zoom as all other witnesses will be appearing.

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order. This order shall not be amended except by order of the court pursuant to agreement of their parties or to prevent manifest injustice.

DATED this _____day of September 2020.

_____
Hon. Benjamin H. Settle
United States District Judge

FORM APPROVED.

_____
Young-Ji Ham, WSBA # 46421
Jenna M. Labourr, WSBA # 44555
*Attorneys for Plaintiff Allison Randal*

[PROPOSED] PRETRIAL ORDER - 11
NO.  3:18-cv-6002 BHS

1

Address:
WASHINGTON INJURY LAWYERS, PLLC
1700 7th Avenue, Suite 2100
Seattle, WA 98101
Phone: (425) 312-3057

FORM APPROVED.

_____
Shawn A. Toliver, *pro hac vice*
Shawn.Toliver@lewisbrisbois.com

Lewis Brisbois Bisgaard & Smith
2185 N. California Blvd., Ste. 300
Walnut Creek, CA  94596
Telephone:  (925) 357-3456
Facsimile:   (925) 478-3260

_____
Thomas J. Collins, WSBA # 2157
tcollins@mhlseattle.com

3101 Western Avenue, Suite 200
Seattle, WA  98121
Telephone: (206) 682-0610
Facsimile: (206) 467-2689

*Attorney for Defendants XPO Logistics, Inc. and Michael D. Michelena*

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON  98121
(206) 682-0610

1

## <u>DECLARATION OF SERVICE</u>

2

The undersigned certifies under the penalty of perjury that on the date set forth below, I caused to

3

be served a copy of the foregoing document on the following individuals in the manner indicated:

4

| Young-Ji Ham<br>Jenna M. Labourr<br>WASHINGTON INJURY LAWYERS, PLLC<br>1001 Fourth Avenue, Suite 3200<br>Seattle, WA 98154<br>youngji@washinjurylaw.com<br>jenna@washinjurylaw.com<br>*Counsel for Plaintiff* | ( x ) | Electronic service<br>via CM/ECF |

5

6

7

8

9

EXECUTED this 28th day of September, 2020, at Seattle, Washington.

10

11

s/ *Christopher A. Campbell*

12

Christopher A. Campbell, WSBA #50959

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON  98121
(206) 682-0610

*Exhibit C*



COURT REPORTING

LEGAL VIDEOGRAPHY

VIDEOCONFERENCING

TRIAL PRESENTATION

MOCK JURY SERVICES

LEGAL TRANSCRIPTION

COPYING AND SCANNING

LANGUAGE INTERPRETERS









(800) 528-3335

NAEGELIUSA.COM

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

ALLISON N. RANDAL, an
individual,

       Plaintiff,

vs.                      No. 3:18-cv-6002 BHS

XPO LOGISTICS, INC., a Delaware
corporation conducting business
in the State of Washington,
MICHAEL D. MICHALENA, an
individual employed by XPO
LOGISTICS, INC.; TILLAMOOK COUNTY
CREAMERY ASSOCIATION, an Oregon
corporation conducting business
in the State of Washington; RAY
A. NAEGELI, an individual
employed by TILLAMOOK COUNTY
CREAMERY ASSOCIATION; J. DOE
corporations and/or entities 1-5;
and DOE 1-5 individuals,

       Defendants.

_____

**DEPOSITION OF**

**ALLISON N. RANDAL**

**TAKEN ON**
**THURSDAY, JUNE 27, 2019**
**11:10 A.M.**

**MERRICK HOFSTEDT AND LINDSEY, PS**
**3101 WESTERN AVENUE, SUITE 200**
**SEATTLE, WASHINGTON 98121**

1                          **APPEARANCES**

2

3  **On behalf of the Plaintiff:**

4  YOUNG-JI HAM, ESQUIRE

5  **WASHINGTON INJURY LAWYERS, PLLC**

6  1001 4th Avenue, Suite 3200

7  Seattle, Washington  98154

8  (425) 312-3057

9  youngji@washinjurylaw.com

10

11 **On behalf of the Defendants, XPO Logistics**

12 **and Michael D. Michelena:**

13 THOMAS J. COLLINS, ESQUIRE

14 **MERRICK HOFSTEDT AND LINDSEY, PS**

15 3101 Western Avenue, Suite 200

16 Seattle, Washington  98121

17 (206) 682-0610

18 Tcollins@mhlseattle.com

19

20

21

22

23

24

25

1                    **APPEARANCES CONTINUED**

2

3    **On behalf of Defendants, Tillamook County Creamery**

4    **Association and Ray A. Naegeli:**

5    DAVID LE TRAN, ESQUIRE

6    SHAWN BUTLER, ESQUIRE

7    **HELSELL FETTERMAN LLP**

8    1001 4th Avenue, Suite 4200

9    Seattle, Washington  98154

10   (206) 292-1144

11   Dtran@helsell.com

12   Sbutler@helsell.com

13

14

15

16

17

18

19

20

21

22

23

24

25

1                          **DEPOSITION OF**

2                      **ALLISON N. RANDAL**

3                          **TAKEN ON**

4              **THURSDAY, JUNE 27, 2019**

5                      **11:10 A.M.**

6

7          Thereupon, the following proceedings began at

8    11:10 a.m.:

9          **THE STENOGRAPHER:**  Raise your right hand, please.

10         Do you solemnly swear or affirm the testimony you

11   are about to give in this matter will be the truth, the

12   whole truth and nothing but the truth?

13         **THE WITNESS:**  Yes, I do. Thereupon,

14   **ALLISON RANDAL,** having been first duly sworn or affirmed,

15   was examined and testified as follows:

16   **DIRECT EXAMINATION**

17   **BY MR. COLLINS:**

18      **Q**    Good morning.  My name is Tom Collins, and I want

19   to apologize for the delay in getting started.  There was a

20   mess up here in getting our court reporter, but we're all

21   set now, and we can proceed.

22         This deposition is taken under the Federal Rules

23   of Civil Rules of Procedure, and we will be asking you

24   questions about this incident, the accident that happened,

25   your injuries and follow-up treatment.  If you need to take

1    A    Technically, no.

2    **Q    What was the status?  How would you describe it?**

3    A    I'm under NDA.  I can't talk about the deal or

4    anything that happened as part of the deal.  I was not

5    fired.

6    **Q    So a Nondisclosure Agreement -- and you can talk**

7    **with your attorney if you need to.  A Nondisclosure**

8    **Agreement does not prevent you from answering under oath in**

9    **a deposition, which is under the purview of the court.  So I**

10   **would ask you to say why you -- how would you describe your**

11   **terminatio or your let go or your status when you departed**

12   **SUSE?**

13            **MS. HAM:**  She can answer, but she's not making any

14   sort of lost wage or loss of earning capacity claim, so I

15   would say none of this is relevant.

16            **MR. BUTLER:**  Well, you know what, so we don't put

17   everybody in a pickle, why don't we just go through that.

18   **BY MR. BUTLER:**

19   **Q    You're not making any claim for lost wages in this**

20   **case?**

21   A    I am not.

22   **Q    You're not making any claim for loss future**

23   **earning capacity in this case?**

24   A    I am not, no.

25   **Q    There we go.  I apologize I have to ask you about**

```
                        CERTIFICATE OF OATH

THE STATE OF FLORIDA )

COUNTY OF DUVAL        )


        I, the undersigned authority, certify that ALLISON

RANDAL personally appeared before me and was duly sworn on the

27th day of June, 2019.

        Signed this 5th day of July, 2019.
```



```
                LORA LEE KNORR-FIERRO, RPR, FPR
                Notary Public - State of Florida
                My Commission No. GG303687
                My Commission Expires: 04/30/2023
```

LORA LEE KNORR-FIERRO
MY COMMISSION # GG 303687
EXPIRES: April 30, 2023
Bonded Thru Notary Public Underwriters

CERTIFICATE OF REPORTER

THE STATE OF FLORIDA )

COUNTY OF DUVAL         )

I, LORA LEE KNORR-FIERRO, Registered Professional
Reporter and Florida Professional Reporter, certify that I was
authorized to and did stenographically report the foregoing
deposition of ALLISON RANDAL, pages 1 through 119; that a review
of the transcript was not requested; and that the transcript is
a true and complete record of my stenographic notes.

I further certify that I am not a relative, employee,
attorney, or counsel of any of the parties, nor am I a relative
or employee of any of the parties' attorneys or counsel
connected with the action, nor am I financially interested in
the action.

DATED this 5th day of July, 2019.


LORA LEE KNORR-FIERRO, RPR, FPR

*Exhibit D*

October 1st, 2019

RE: Allison Randal Narrative Report

Dear Young-Ji Ham,

My name is Dr. Michael Brage and I am an Orthopaedic Foot and Ankle Surgeon at Harborview Medical Center. I have not authored any publications in the last 4 years and have not testified at trial or deposition as an expert in the last 4 years.

I am providing a summary of my medical treatment for your client Allison Randal. I would like to state again that I am not an expert witness. I am simply a treating physician that is providing a summary of my care. I can also provide some ideas regarding future medical treatment.

Allison Randal presented to Harborview Medical Center on December 23rd, 2015. She had sustained an open left calcaneus fracture. She was 43 at the time and was rear ended at low speeds by a semi-truck according to the medical record. She sustained an open left calcaneus fracture and was admitted to the medical center for treatment. Her exam and her x-ray studies showed a severe intra-articular fracture of the left calcaneus displace which was open. She was close reduced and splinted in preparation for surgery. Her surgery was performed on December 24th by Dr. David Barei. He is an Orthopaedic Traumatologist here and performed a closed-reduction with k-wire fixation and an implementation of an external fixator.

I first consulted on this patient December 1st, 2015. She had been discharged from the hospital and I saw her in our orthopaedic foot and ankle clinic. She was compliant. Her external fixation device was intact and her wounds were healing well. We discussed operative repair of her injury. She agreed and consented. On January 4th, 2016, she underwent an open reduction and internal fixation of her calcaneus fracture. We also removed her external fixator. The surgery went well.

We next saw the patient on January 21st, 2016. She was 2 weeks from her surgery. Our clinic notes say she was doing well and was off pain medication. Her wounds were healing without issue. We took out her sutures and she maintained a non-weightbearing status for 4 more weeks.

Our next visit was February 18th, 2016. Her fracture was healing well. She had a 2 out of 10 pain in her foot and ankle. We began protected weight-bearing physical therapy.

We next saw Allison in clinic on April 1st, 2016. She was progressing nicely, increasing her weight-bearing on her limb and attending physical therapy. Her course was healing as expected and we continued physical therapy to maximize her gait, balance, strength and proprioception. We began weaning her out of a boot-like device into a shoe.

Howard A. Chansky, M.D.

**Professor and Chair**
UW Medicine

*Team Physicians to the*
*University of Washington Huskies*



## Orthopaedic Faculty

**Harborview Medical Center**
David Barei, M.D.
Carlo Bellabarba, M.D.
Daphne M. Beingessner, M.D.
Stephen K. Benirschke, M.D.
Michael E. Brage, M.D.
Richard J. Bransford, M.D.
Robert P. Dunbar, M.D.
Reza Firoozabadi, M.D.
Michael Githens, M.D., M.S.
Douglas P. Hanel, M.D.
Sigvard T. Hansen, M.D., Emeritus
Jonah Hebert-Davies, M.D.
M. Bradford Henley, M.D., M.B.A., Emeritus
Stephen A. Kennedy, M.D.
Conor P. Klewveno, M.D.
Sean E. Nork, M.D.
Bruce J. Sangeorzan, M.D.
Douglas G. Smith, M.D., Emeritus
Lisa A. Taitsman, M.D., M.P.H.
Haitao Zhou, M.D.

**Northwest Hospital**
Sarah D. Beshlian, M.D.
Howard A. Chansky, M.D.
Kenneth M. Chin, M.D.
Robert S. Clawson, M.D.
Navin D. Fernando, M.D.
David W. Fitz, M.D.
Stephen A. Kennedy, M.D.
William D. Lack, M.D.
Seth S. Leopold, M.D.
Paul A. Manner, M.D.
Florence Unno, M.D.

**Research Faculty**
Christopher H. Allen, M.D
Steven D. Bain, Ph.D.
David R. Eyre, Ph.D., Emeritus
Russell J. Fernandes, Ph.D.
Edith M. Gardiner, Ph.D.
Ted S. Gross, Ph.D.
David M. Hudson, Ph. D.
Ronald Y. Kwon, Ph.D.
Sundar Srinivasan, Ph.D.
Scott Telfer, EngD

**Seattle Cancer Care Alliance**
Jared L. Harwood, M.D.
Matthew J. Thompson, M.D.

**Seattle Children's Hospital**
Jennifer M. Bauer, M.D.
Todd J. Blumberg, M.D.
Mark C. Dales, M.D.
Michael J. Goldberg, M.D.
Douglas P. Hanel, M.D.
Walter F. Krengel III, M.D.
Antoinette W. Lindberg, M.D.
Vincent S. Mosca, M.D.
Michael G. Saper, DO
Gregory A. Schmale, M.D.
Suzanne E. Steinman, M.D.
Klane K. White, M.D.
Suzanne M. Yandow, M.D.

**University of Washington Medical Center**
Howard A. Chansky, M.D.
Kenneth M. Chin, M.D.
Albert O. Gee, M.D.
Mia S. Hagen, M.D.
Jared L. Harwood, M.D.
Jason E. Hsu, M.D.
Jerry I. Huang, M.D.
Nicholas P. Iannuzzi, M.D.
Christopher Y. Kweon, M.D.
Frederick A. Matsen III, M.D.
Viral Patel, M.D.
Matthew J. Thompson, M.D.
Theodore A. Wagner, M.D., Emeritus
Winston J. Warme, M.D.

**Veteran's Hospital**
Howard A. Chansky, M.D.
Albert O. Gee, M.D.
Jared L. Harwood, M.D.
Nicholas P. Iannuzzi, M.D.
William D. Lack, M.D.
Bruce J. Sangeorzan, M.D.

We next saw her July 28th, 2016. She was 8 months from injury and fixation. Our notes indicate that she was progressing appropriately. She had a 3 out of 10 pain intermittent along her calcaneus. We discussed removing the hardware. I believe that was scheduled at this visit.

On September 6th, 2016, we took the patient back to surgery and removed her screws in her left heel. That surgery went routinely. We saw her two weeks later. Her wounds had healed. We removed the sutures, put steri strips over her wounds. We began weight-bearing her and weaned her back into her shoes. This was the last visit I had with the patient.

I was provided a disk of medical information on this patient. My main interest was to see if there were any actual radiographs on it. There were no radiographs on the disk. I did not read any of the physical therapy notes or further medical treatment that she has done with future providers.
Allison Randal will likely need future medical care. It is more likely than not that she will develop arthritis in her ankle and hindfoot with time.

Allison Randal will likely need medications for arthritis such as non-steroidal anti-inflammatories. It is common that she may need intra-articular injections in either her subtalar joint or ankle as part of pain relief treatments for arthritis. Should the arthritis progress to a point where non-surgical care is not relieving her pain in a satisfactory manner and her quality of life is being interfered with, she may require surgery. For the subtalar joint, a subtalar arthrodesis is performed for intractable pain following trauma. This involved removing the remaining cartilage, bolting it together with screws and allowing the calcaneus and talus bone to heal together. Thus, eliminating the joint and relieving her symptoms.

Should that surgery be performed, it is also well-known that, over time, that the ankle joint will begin some arthritic change and that can continue for decades. As in her subtalar joint, she may require non-steroidal anti-inflammatories, bracing, injections and then surgery for her ankle. Ankle surgery for arthritic conditions either involve ankle arthrodesis or total ankle replacement.

My opinions on the patient are my opinions alone and are based on my clinic experience of treating patients with this condition. Please contact my office if any further information is required.

Sincerely,

Michael E. Brage, MD
Associate Professor
Orthopaedics and Sports Medicine
University of Washington
Harborview Medical Center

PLT EXPERT - 0003

*Exhibit E*

# EXHIBIT 01
# Michael E. Brage MD - Documents

**PLT EXPERT - 0001**

October 1st, 2019



RE: Allison Randal Narrative Report

Dear Young-Ji Ham,

My name is Dr. Michael Brage and I am an Orthopaedic Foot and Ankle Surgeon at Harborview Medical Center. I have not authored any publications in the last 4 years and have not testified at trial or deposition as an expert in the last 4 years.

I am providing a summary of my medical treatment for your client Allison Randal. I would like to state again that I am not an expert witness. I am simply a treating physician that is providing a summary of my care. I can also provide some ideas regarding future medical treatment.

Allison Randal presented to Harborview Medical Center on December 23rd, 2015. She had sustained an open left calcaneus fracture. She was 43 at the time and was rear ended at low speeds by a semi-truck according to the medical record. She sustained an open left calcaneus fracture and was admitted to the medical center for treatment. Her exam and her x-ray studies showed a severe intra-articular fracture of the left calcaneus displace which was open. She was close reduced and splinted in preparation for surgery. Her surgery was performed on December 24th by Dr. David Barei. He is an Orthopaedic Traumatologist here and performed a closed-reduction with k-wire fixation and an implementation of an external fixator.

I first consulted on this patient December 1st, 2015. She had been discharged from the hospital and I saw her in our orthopaedic foot and ankle clinic. She was compliant. Her external fixation device was intact and her wounds were healing well. We discussed operative repair of her injury. She agreed and consented. On January 4th, 2016, she underwent an open reduction and internal fixation of her calcaneus fracture. We also removed her external fixator. The surgery went well.

We next saw the patient on January 21st, 2016. She was 2 weeks from her surgery. Our clinic notes say she was doing well and was off pain medication. Her wounds were healing without issue. We took out her sutures and she maintained a non-weightbearing status for 4 more weeks.

Our next visit was February 18th, 2016. Her fracture was healing well. She had a 2 out of 10 pain in her foot and ankle. We began protected weight-bearing physical therapy.

We next saw Allison in clinic on April 1st, 2016. She was progressing nicely, increasing her weight-bearing on her limb and attending physical therapy. Her course was healing as expected and we continued physical therapy to maximize her gait, balance, strength and proprioception. We began weaning her out of a boot-like device into a shoe.

Howard A. Chansky, M.D.

Professor and Chair
UW Medicine

*Team Physicians to the*
*University of Washington Huskies*

**Orthopaedic Faculty**

**Harborview Medical Center**
David Barei, M.D.
Carlo Bellabarba, M.D.
Daphne M. Beingessner, M.D.
Stephen K. Benirschke, M.D.
Michael E. Brage, M.D.
Richard J. Bransford, M.D.
Robert P. Dunbar, M.D.
Reza Firoozabadi, M.D.
Michael Githens, M.D., M.S.
Douglas P. Hanel, M.D.
Sigvard T. Hansen, M.D., Emeritus
Jonah Hebert-Davies, M.D.
M. Bradford Henley, M.D., M.B.A., Emeritus
Stephen A. Kennedy, M.D.
Conor P. Kleweno, M.D.
Sean E. Nork, M.D.
Bruce J. Sangeorzan, M.D.
Douglas G. Smith, M.D., Emeritus
Lisa A. Taitsman, M.D., M.P.H.
Haitao Zhou, M.D.

**Northwest Hospital**
Sarah D. Beshlian, M.D.
Howard A. Chansky, M.D.
Kenneth M. Chin, M.D.
Robert S. Clawson, M.D.
Navin D. Fernando, M.D.
David W. Fitz, M.D.
Stephen A. Kennedy, M.D.
William D. Lack, M.D.
Seth S. Leopold, M.D.
Paul A. Manner, M.D.
Florence Unno, M.D.

**Research Faculty**
Christopher H. Allen, M.D
Steven D. Bain, Ph.D.
David R. Eyre, Ph.D., Emeritus
Russell J. Fernandes, Ph.D.
Edith M. Gardiner, Ph.D.
Ted S. Gross, Ph.D.
David M. Hudson, Ph. D.
Ronald Y. Kwon, Ph.D.
Sundar Srinivasan, Ph.D.
Scott Telfer, EngD

**Seattle Cancer Care Alliance**
Jared L. Harwood, M.D.
Matthew J. Thompson, M.D.

**Seattle Children's Hospital**
Jennifer M. Bauer, M.D.
Todd J. Blumberg, M.D.
Mark C. Dales, M.D.
Michael J. Goldberg, M.D.
Douglas P. Hanel, M.D.
Walter F. Krengel III, M.D.
Antoinette W. Lindberg, M.D.
Vincent S. Mosca, M.D.
Michael G. Saper, DO
Gregory A. Schmale, M.D.
Suzanne E. Steinman, M.D.
Klane K. White, M.D.
Suzanne M. Yandow, M.D.

**University of Washington Medical Center**
Howard A. Chansky, M.D.
Kenneth M. Chin, M.D.
Albert O. Gee, M.D.
Mia S. Hagen, M.D.
Jared L. Harwood, M.D.
Jason E. Hsu, M.D.
Jerry I. Huang, M.D.
Nicholas P. Iannuzzi, M.D.
Christopher Y. Kweon, M.D.
Frederick A. Matsen III, M.D.
Viral Patel, M.D.
Matthew J. Thompson, M.D.
Theodore A. Wagner, M.D., Emeritus
Winston J. Warme, M.D.

**Veteran's Hospital**
Howard A. Chansky, M.D.
Albert O. Gee, M.D.
Jared L. Harwood, M.D.
Nicholas P. Iannuzzi, M.D.
William D. Lack, M.D.
Bruce J. Sangeorzan, M.D.

We next saw her July 28th, 2016. She was 8 months from injury and fixation. Our notes indicate that she was progressing appropriately. She had a 3 out of 10 pain intermittent along her calcaneus. We discussed removing the hardware. I believe that was scheduled at this visit.

On September 6th, 2016, we took the patient back to surgery and removed her screws in her left heel. That surgery went routinely. We saw her two weeks later. Her wounds had healed. We removed the sutures, put steri strips over her wounds. We began weight-bearing her and weaned her back into her shoes. This was the last visit I had with the patient.

I was provided a disk of medical information on this patient. My main interest was to see if there were any actual radiographs on it. There were no radiographs on the disk. I did not read any of the physical therapy notes or further medical treatment that she has done with future providers.
Allison Randal will likely need future medical care. It is more likely than not that she will develop arthritis in her ankle and hindfoot with time.

Allison Randal will likely need medications for arthritis such as non-steroidal anti-inflammatories. It is common that she may need intra-articular injections in either her subtalar joint or ankle as part of pain relief treatments for arthritis. Should the arthritis progress to a point where non-surgical care is not relieving her pain in a satisfactory manner and her quality of life is being interfered with, she may require surgery. For the subtalar joint, a subtalar arthrodesis is performed for intractable pain following trauma. This involved removing the remaining cartilage, bolting it together with screws and allowing the calcaneus and talus bone to heal together. Thus, eliminating the joint and relieving her symptoms.

Should that surgery be performed, it is also well-known that, over time, that the ankle joint will begin some arthritic change and that can continue for decades. As in her subtalar joint, she may require non-steroidal anti-inflammatories, bracing, injections and then surgery for her ankle. Ankle surgery for arthritic conditions either involve ankle arthrodesis or total ankle replacement.

My opinions on the patient are my opinions alone and are based on my clinic experience of treating patients with this condition. Please contact my office if any further information is required.

Sincerely,

Michael E. Brage, MD
Associate Professor
Orthopaedics and Sports Medicine
University of Washington
Harborview Medical Center

*Exhibit F*

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

MARY WHITTENBERG, a single person,

        Plaintiff,

    vs.

LIVE NATION WORLDWIDE, INC., a corporation; LEGENDS MUSIC, LLC, a limited liability company; LEGENDS HOSPITALITY, LLC, a limited liability company,

        Defendants.

No. 16-2-29490-1 KNT

DEPOSITION UPON ORAL EXAMINATION OF

GARY R. SCHUSTER, M.D.

Taken at 1600 116th Avenue NE

Bellevue, Washington

DATE TAKEN: OCTOBER 5, 2017

REPORTED BY: JOLENE C. HANECA, RPR, CCR #2741

1           A P P E A R A N C E S

2

3   ATTORNEY FOR THE PLAINTIFF:

4                JOHN H. O'ROURKE
                 Law Office of John O'Rourke
5                2101 Fourth Avenue
                 Suite 2200
6                Seattle, Washington 98121
                 206.824.2802
7                johnhorourke@comcast.net

8

9   ATTORNEY FOR THE DEFENDANTS:

10               DAVID S. COTTNAIR
                 Merrick Hofstedt & Lindsey
11               3101 Western Avenue
                 Suite 200
12               Seattle, Washington 98121
                 206.682.0610
13               dcottnair@mhlseattle.com

14

15

16

17               *    *    *    *    *

18

19

20

21

22

23

24

25

```
 1              BELLEVUE, WASHINGTON, OCTOBER 5, 2017
 2                          3:50 P.M.
 3                           --OOO--
 4
 5   GARY R. SCHUSTER, M.D.,        witness herein, having been
 6                                  first duly sworn on oath,
 7                                  was examined and testified
 8                                  as follows:
 9
10                         EXAMINATION
11   BY MR. COTTNAIR:
12       Q.    Good afternoon, Doctor.  Could you state your
13   name and business address for the record?
14       A.    Sure.  It's Gary Schuster; 1600 116th Avenue
15   NE, Bellevue.
16       Q.    And you are familiar with the deposition
17   process, correct?
18       A.    I am.
19       Q.    Are you able to tell me how many times,
20   approximately, you've been deposed in a forensic capacity
21   where you have done an IME versus when you have treated
22   someone on multiple occasions?
23       A.    I probably couldn't.  I mean, I get probably a
24   couple depositions a month.  So I've been doing it
25   forever, so many years.
```

1      Q.    And can you estimate for me at all what
2  percentage of your time nowadays, say within the last
3  year, is the ongoing active practice versus IME practice?
4      A.    It's probably 3 to 5 percent of my time is
5  doing IMEs.  So I would say 90 -- well, so I see 15, 20,
6  probably 20 patients a day, in that range.  I might do
7  zero to five IMEs a week.  So I have a hundred patients.
8  That's where I get that percentage.
9      Q.    Okay.  And your practice, your normal practice
10 or active practice, versus IME practice, can I try and
11 divide them like that?
12     A.    Sure.  So about half is orthopedic, physical
13 rehab medicine, and the other half -- I'm not a surgeon,
14 but it's more physiatry, and the other 50 percent is
15 internal medicine, general internal medicine.
16     Q.    And I see you have records in front of you.
17 Can you describe what those are?
18     A.    Sure.  These were provided -- these are some
19 of, all of the records received, I believe.  I don't have
20 any disks on this patient.  And so they've been all
21 summarized in my narrative to you, so.  Or not to you,
22 but the narrative that you see.
23     Q.    Right.
24     A.    And then it would include the reports of King
25 County Ambulance Services, St. Elizabeth Hospital, or

*Exhibit G*

1

2

3

4

5

6 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
7 AT TACOMA

8 ALLISON N. RANDAL, an individual,          )   NO.  3:18-cv-6002 BHS
                                             )
9                    Plaintiff,              )   **PRETRIAL ORDER**
                                             )
10          v.                               )   *TRIAL DATE: OCTOBER 20, 2020*
                                             )
11 XPO LOGISTICS, INC., a Delaware           )
   corporation conducting business in the State of )
12 Washington; MICHAEL D. MICHELENA, an     )
   individual employed by XPO LOGISTICS,     )
13 INC.; ~~TILLAMOOK COUNTY CREAMERY~~      )
   ~~ASSOCIATION, an Oregon corporation~~    )
14 ~~conducting business in the State of~~   )
   ~~Washington; RAY A. NAEGELI, an individual~~ )
15 ~~employed by  TILLAMOOK COUNTY~~         )
   ~~CREAMERY ASSOCIATION;~~ J. DOE          )
16 CORPORATIONS AND/OR ENTITIES 1-5;         )
   and DOE 1-5, individuals,                 )
17                                           )
                     Defendants.             )

18                          __JURISDICTION__

19 ~~Jurisdiction is vested in this court by virtue of:~~ Pursuant to 28 U.S.C. §1332(a)(1), this

20 Court has diversity jurisdiction because Plaintiff does not share a state of citizenship with the

21 Defendants.  This Court also has jurisdiction based on the amount in controversy, which exceeds

22 $75,000.  Venue is proper in the Western District of Washington, pursuant to 28 U.S.C.

23 §1391(b)(2) and (c)(2), because a substantial part of the events or omission giving rise to the claims

24 herein occurred in Lewis County and Defendants are subject to this Court's personal jurisdiction

25

26

PRETRIAL ORDER- 1
NO.  3:18-cv-6002 BHS

with respect to the civil action in question.

<u>**CLAIMS AND DEFENSES**</u>

The Plaintiff will pursue at trial the following claims: Personal injury claims against Defendants for her ongoing injuries, primarily to her left heel. Plaintiff is seeking non-economic and economic damages for her injuries, including emotional distress, past and future loss of earning capacity, and, life care plan costs, and future medical expenses and treatment. Defendants have admitted liability for the subject crash. Defendants further admit causing the injuries and damages proximately caused by the subject crash.

Defendants will pursue the following defenses: Defendants contest the nature and extent of Plaintiff's injuries and damages. Defendants also assert that Plaintiff failed to mitigate her alleged economic damages for lost wages and loss of earning capacity.

<u>**ADMITTED FACTS**</u>

The following facts are admitted by the parties:

1.     Plaintiff is female, 45-years-old, and currently resides in New York.

2.     XPO Logistics, Inc., is a corporation headquartered in Delaware that does business in Washington state and throughout the country United States.

3.     On or about December 23, 2015, at approximately 10:25 a.m., Plaintiff was driving southbound on I-5, near mile marker 84, in Centralia Lewis County, Washington.

4.     Defendant Michael Michelena ("Michelena") was driving a tractor trailer in the same lane, two vehicles behind Plaintiff.

5.     Defendant Michelena's truck rear-ended a truck behind Plaintiff's vehicle, thereby causing the subject collision.

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, Suite 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

6.      Defendant Michelena was working on behalf of XPO Logistics, Inc. at the time of the crash.

7.      Defendants admit liability for the subject crash.

8.      Defendants admit causing the injuries and damages proximately caused by the subject crash.

9.      Defendants contest the nature and extent of Plaintiff's injuries and damages.

10.     Defendants have asserted no affirmative defenses. (Defendants object to this "fact.")

## ISSUES OF LAW AND FACT

A.      Plaintiff proposes the following issues of fact:

1       What amount of non-economic damages is Plaintiff entitled to due to her crash-related injuries?

2.      What amount of economic damages is Plaintiff entitled to due to her crash-related injuries?

Plaintiff states that there are no issues of law before the Court. (Defendants dispute this statement as Defendants' motions in limine have been denied, without prejudice to Defendants' renewing them at trial.)

B.      Defendants propose the following statement of issues of fact:

a.      Is the future medical treatment proposed for Plaintiff's left heel injury a medical necessity?

b.      What is the amount of reasonable non-economic damages to which Plaintiff is entitled, if any?

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON  98121
(206) 682-0610

1       c.      What is the extent of Plaintiff's past lost wage claim and whether Plaintiff will lose any future income because of this injury?

d.      What is the extent of Plaintiff's lost earning capacity because of this injury?

Defendants seek to have the following issues of law adjudicated by the Court:

1.      Defendants' motions in limine were preliminarily denied by the Court without prejudice to Defendants renewing them at time of trial. Defendants are not waiving their right to reassert their motions in limine.

## **EXPERT WITNESSES**

(a)      Defendants request, pursuant to LCR 43(j), that Plaintiff be limited to one medical expert witness, either Dr. Michael Brage, or Dr. Gary Schuster, to testify regarding Plaintiff's injuries and treatment arising from the subject accident, permanency of her injuries, and her future treatment and prognosis.

(b)      The name(s) and addresses of the expert witness(es) to be used by each party at the trial and the issue upon which each will testify is:

(1)      On behalf of plaintiff:

(i)      Michael E. Brage, MD (will testify via perpetuation deposition), Orthopedic Foot and Ankle Surgeon, Sigvard T. Hansen Foot and Ankle Institute, Harborview Medical Center, 325 Ninth Avenue, Box 359798, Seattle, Washington 98104-2499, Phone: (206) 744-5707. Dr. Brage treated Plaintiff following her subject collision at Harborview Medical Center and performed two surgeries on her left calcaneus and has treated her for ongoing pain complaints. Dr. Brage will testify to Plaintiff's injuries and their permanency, the past treatment he rendered, and provide opinions on future treatment and prognosis, on a more probable than not basis. Dr. Brage is

PRETRIAL ORDER- 4
NO.  3:18-cv-6002 BHS

Plaintiff's treating provider but is a hybrid expert who is also providing opinions on future care and treatment on a more probable that not basis. Dr. Brage, therefore, is also being designated as an expert witness, pursuant to FRCP 26(2)(B).

(ii)     Gary Schuster, MD (will testify ~~live or~~ via Zoom, unless the Court orders otherwise, in light of COVID-19 and Emergency Orders in effect at the time of trial~~?~~), Broadway Sports & Internal Medicine, 1600 116th Avenue Northeast, Suite 202, Bellevue, WA 98004. Dr. Schuster is a forensic medical expert and will testify to Plaintiff's injuries and treatment arising from the subject collision, permanency of injuries, future treatment and prognosis, permanent physical restrictions, the effect of injuries on ability to work, and Plaintiff's life care plan on a more probable than not basis.

(iii)    John R. Cary, MA, CRC, CDMS, VRC (will testify via Zoom, unless the Court orders otherwise, in light of COVID-19 and Emergency Orders in effect at the time of trial~~live or via zoom?~~), OSC Vocational Systems, Inc., 601 SW 152nd Street, Burien, WA 98166. Mr. Cary will testify to his opinions regarding Plaintiff's life care plan and past and future reduced earning capacity on a more probable than not basis.

(iv)     William Brandt (will testify via Zoom, unless the Court orders otherwise, in light of COVID-19 and Emergency Orders in effect at the time of trial), ~~live or via zoom?),~~ Brandt Forensic Economics, PO Box 10187, Bainbridge Island, WA 98110. Mr. Brandt will testify to his opinions regarding Plaintiff's economic losses in present-day value, specifically Plaintiff's life care plan, future medical costs and treatment, and past and future reduced earning capacity, on a more probable than not basis.

(2)     On behalf of defendants:

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

1    (i)    Defendants will not be calling any of their own expert witnesses. Defendants are

2    not waiving their right to re-assert the objections contained in their motions in limine regarding

3    Plaintiff's expert witnesses, which motions the Court previously denied, but without prejudice to

4    Defendants' right to make the same objections contained in the motions in limine at trial.

5                                    **OTHER WITNESSES**

6          The names and addresses of witnesses, other than experts, to be used by each party

7    at the time of trial and the general nature of the testimony of each are:

8    (a)    On behalf of plaintiff:

9    (i)    Allison N. Randal (will testify via Zoom, unless the Court orders otherwise, in light

10   of COVID-19 and Emergency Orders in effect at the time of trial~~live or via zoom?~~), c/o

11   Washington Injury Lawyers, PLLC. Ms. Randal is the Plaintiff and will testify regarding the

12   subject collision, her injuries, and damages, including but not limited to damage to her professional

13   career, her relationships, and her ongoing physical and emotional pain and suffering.

14   (ii)    Michael D. Michelena (via video deposition testimony in lieu of live testimony),

15   c/o Merrick, Hofstedt & Lindsey, P.S., and Lewis Brisbois Bisgaard & Smith, LLP. Mr. Michelena

16   is the Defendant Driver and was working on behalf of Defendant XPO Logistics, Inc. at the time

17   of the subject crash. ~~He~~ His deposition transcript will be admitted in lieu of live testimony, which

18   will discuss the subject collision and the surrounding circumstances~~may be called to testify~~

19   ~~regarding the subject collision and the surrounding circumstances~~.

20   (iii)    Martin "Max" Randal (will testify via Zoom, unless the Court orders otherwise, in

21   light of COVID-19 and Emergency Orders in effect at the time of trial), ~~live or via live video?),~~

22   10609 171st Ct NE, Redmond, WA 98052. Mr. Martin "Max" Randal is Plaintiff's son. He was

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

the ~~Ms. Randal's~~ front-seat passenger in the subject collision. He may be called to testify regarding the subject crash, Plaintiff's physical and emotional condition before the subject crash, Plaintiff's injuries and damages arising from the subject crash, as well as how the injuries and damages continue to affect her life and their relationship.

(iv) Jeffrey Martin (will testify via Zoom, unless the Court orders otherwise, in light of COVID-19 and Emergency Orders in effect at the time of trial~~live or via zoom?~~), 2208 16th Ave S, Seattle, Washington. Mr. Jeffrey Martin is Plaintiff's brother. He may be called to testify regarding Plaintiff's physical and emotional condition before the subject crash, Plaintiff's injuries and damages arising from the subject crash, as well as how the injuries and damages continue to affect her life.

Formatted: Superscript

(v) Stefano Rivera (will testify via Zoom, unless the Court orders otherwise, in light of COVID-19 and Emergency Orders in effect at the time of trial~~live or via live video?~~), 40 Alta St., Apt. 3, San Francisco, CA 94133-3527. Mr. Stefano Rivera was Plaintiff's boyfriend at the time of the subject crash. He may be called to testify regarding his Plaintiff's physical and emotional condition before the subject crash, Plaintiff's injuries and damages arising from the subject crash, how their relationship was affected due to the crash, how Plaintiff's injuries and damages arising from the subject crash affected her professional career, as well as how the injuries and damages continue to affect her life.

(vi) Matthew Treinish (will testify via Zoom, unless the Court orders otherwise, in light of COVID-19 and Emergency Orders in effect at the time of trial~~live or via live video?~~), 14 Dartantra Drive, Hopewell Junction, New York 12533. Mr. Matthew Treinish is Plaintiff's boyfriend and currently resides with her. He may be called to testify regarding his knowledge of



MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

Plaintiff's injuries and damages, as well as how the injuries and damages affect her life.

      (vii)    Michael E. Brage, MD (will testify by perpetuation deposition), Orthopedic Foot and Ankle Surgeon, Sigvard T. Hansen Foot and Ankle Institute, Harborview Medical Center, 325 Ninth Avenue, Box 359798, Seattle, Washington 98104-2499. Dr. Brage treated Plaintiff following her subject collision at Harborview Medical Center and performed two surgeries on her left calcaneus and has treated her for ongoing pain complaints. Dr. Brage will testify to Plaintiff's injuries and their permanency, the past treatment he rendered, and provide opinions on future treatment and prognosis, on a more probable than not basis.

      (b)    On behalf of ~~defendants~~Defendants:

      (i)    Defendants will not be calling any of their own lay witnesses.~~.~~ Defendants are not waiving their right to re-assert the objections contained in their motions in limine regarding plaintiff's lay witnesses, which motions the Court previously denied, but without prejudice to Defendants' right to make the same objections contained in the motions in limine at trial. Defendants also reserve their right to call rebuttal and/or impeachment witnesses, including any witnesses listed herein by plaintiff.

## **EXHIBITS**

~~Neither Plaintiff nor Defendant intend to offer any exhibits at trial.~~

~~Defendants reserve the right to offer rebuttal and/or impeachment exhibits, if appropriate.~~
**A.  Plaintiff's Exhibits.**

| Exhibit # | Description |
|---|---|
| 1 | Illustration of Plaintiff's Keynote Travel (demonstrative) |
| 2 | John Cary LCP (demonstrative) |
| 3 | William Brandt's  Economic Analysis (demonstrative) |
| 4 | Illustration of Mechanism of Event (demonstrative) |
| 5 | Photographs of Trips with Martin "Max" Randal (demonstrative) |
| 6 | Illustration of Mechanism of Injury (demonstrative) |
| 7 | Illustration of Plaintiff's Family Tree (demonstrative) |
| 8 | Photographs of Plaintiff from Mt. St. Helens, Sudan, and Australia (demonstrative) |
| 9 | Photograph of Plaintiff's TENS Unit (demonstrative) |

PRETRIAL ORDER- 8
NO.  3:18-cv-6002 BHS

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON  98121
(206) 682-0610

| | |
|---|---|
| 10 | Photographs of Plaintiff's Family (demonstratives) |
| 11 | YouTube Clips of Plaintiff's Keynotes Prior to and After Subject Collision (https://www.youtube.com/watch?v=L6bL8WM6V9Y&t=7s; https://www.youtube.com/watch?v=qBUC03U3Zqw&t=13s; https://www.youtube.com/watch?v=cT1IAbdJ5ys&t=4s) |

**B. Defendants' Exhibits**

Defendants have not disclosed any exhibits and reserve the right to rely upon any admitted exhibits of Plaintiff at trial.

**DEPOSITION TRANSCRIPTS**

**A. Plaintiff's Deposition Transcripts**

| WITNESS | PAGES | DATE |
|---|---|---|
| Michael D. Michelena | 5:4 - 10; 6:9 - 20; 8:19 - 21; 13:20 - 25; 14:1 - 6; 15:24 - 25; 16:1 - 7; 18:5 - 19; 66:9 - 15; 88:14 - 19; 89:15 - 25; 90:1 - 11; 95:3 - 25; 96:1 - 25; 97:1 - 5; 98:20 - 25; 99:1 - 3:9 - 13; 104:7 - 18; 111:19 - 25; 112:1 - 11:19 - 25; 113:1 - 25; 114:1 - 25; 115:1 - 25; 116:1 - 6; 119:7 - 20; 128:5 - 9:19 - 20; 130:8 - 10:13 - 15; 131:6 - 8; 132:7 - 20; 133:1 - 3; 141:8 - 15:20 - 24; 149:4 - 13; | January 21, 2020 |

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, Suite 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

| | 150:1 - 6:18 - 25;<br>151:1,:10 - 12:17 - 24;<br>152:23 - 25;<br>153:1 - 2;<br>169:2 - 17;<br>170:8 - 11;<br>173:24;<br>174:15 – 23;<br>186:23 - 25;<br>187:1 - 5:10 – 17. | |

**B. Defendants' Deposition Transcripts**

Defendants have not disclosed any deposition transcripts and reserve the right to rely upon any admitted deposition transcripts of Plaintiff at trial. Defendants contest Plaintiff's proposed deposition transcripts.

<div style="text-align:right; font-size:small; border:1px solid #ccc; padding:2px;">Formatted: Indent: First line: 0", Widow/Orphan control</div>

## ACTION BY THE COURT

(a)    This case is scheduled for trial without a jury on October 20, 2020 at 9:00 a.m.;

(b)    Trial briefs shall be submitted to the Court on or before September 29, 2020;

(c)    The Court shall review Plaintiff's deposition designation on September 29, 2020 of Defendant Michelena with Defendants' objections and Plaintiff's counter-objections prior to trial so Plaintiff may properly prepare Defendant Michelena's deposition video for trial.

~~(c)    Defendants request, pursuant to LCR 43(j), that, before the Pre-Trial Conference, the Court require Plaintiff to select one medical expert witness, either Dr. Michael Brage, or Dr. Gary Schuster, to testify regarding Plaintiff's injuries and treatment arising from the subject accident, permanency of her injuries, and her future treatment and prognosis.~~

<div style="font-size:small; border:1px solid #39c; padding:2px;">Commented [YH1]: The Court has already ruled on this in Defendants's MIL and advised Defendants to make their objection at the time of trial, if necessary.</div>

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order.

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON  98121
(206) 682-0610

This order shall not be amended except by order of the court pursuant to agreement of their parties or to prevent manifest injustice.

DATED this _____day of September 2020.

_____
Hon. Benjamin H. Settle
United States District Judge

FORM APPROVED.

_____
Young-Ji Ham, WSBA # 46421
Jenna M. Labourr, WSBA # 44555
*Attorneys for Plaintiff Allison Randal*

Address:
WASHINGTON INJURY LAWYERS, PLLC
1700 7th Avenue, Suite 2100
Seattle, WA 98101
Phone: (425) 312-3057

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610

FORM APPROVED.

_____
Shawn A. Toliver, *pro hac vice*
Shawn.Toliver@lewisbrisbois.com

Lewis Brisbois Bisgaard & Smith
2185 N. California Blvd., Ste. 300
Walnut Creek, CA 94596
Telephone: (925) 357-3456
Facsimile: (925) 478-3260


_____
Thomas J. Collins, WSBA # 2157
tcollins@mhlseattle.com

3101 Western Avenue, Suite 200
Seattle, WA 98121
Telephone: (206) 682-0610
Facsimile: (206) 467-2689

*Attorney for Defendants XPO Logistics, Inc. and Michael D. Michelena*

MERRICK, HOFSTEDT & LINDSEY, P.S.
ATTORNEYS AT LAW
3101 WESTERN AVENUE, SUITE 200
SEATTLE, WASHINGTON 98121
(206) 682-0610